**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEI SIANG CHUNG, | No. 11-71101 |
| Petitioner, | Agency No. A095-014-195 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Mei Siang Chung, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that Chung's experiences in Indonesia, even considered cumulatively, do not rise to the level of past persecution. *See id.* at 1059-60 (beatings and robberies by native Indonesian youth and being accosted by hostile mob did not amount to past persecution); *see also Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006) (economic deprivation that did not threaten petitioner's life or freedom did not compel finding of past persecution). Substantial evidence also supports the agency's determination that, even under a disfavored group analysis, Chung has not established a well-founded fear of persecution because she has not demonstrated sufficient individualized risk. *See Halim v. Holder*, 590 F.3d 971, 978-79 (9th Cir. 2009); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, Chung's asylum claim fails.

Because Chung failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Chung failed to establish it is more likely than not that she will be tortured upon return to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**